UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**UNITED STATES OF AMERICA**

v.   **CRIMINAL NO. 4:21-cr-138**

**ADVANCED POWDER
SOLUTIONS, INC.**

**Defendant.**

## PLEA AGREEMENT

The United States of America, by and through Jennifer Lowery, Acting United States Attorney for the Southern District of Texas, Steven Schammel, Assistant United States Attorney, Kristina Gonzales, Special Assistant United States Attorney, and the defendant, Advanced Powder Solutions, Inc. ("Defendant"), and Defendants counsel, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**The Defendant's Agreement**

1. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a one-count Criminal Information which charges Illegal Storage of Hazardous Waste in violation of the Resource Conservation and Recovery Act ("RCRA"), in violation of 42 U.S.C. § 6928(d)(2)(A). Defendant will plead guilty to the Criminal Information. Defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the Criminal Information, or proved to a jury or proven beyond a reasonable doubt.

2. Pursuant to Rule 11(c)(1)(C), the parties agree that the applicable Sentencing Guidelines are found in U.S.S.G., Chapter 8 that provides for the sentencing of corporate defendants which may be considered by the Court, except that, pursuant to U.S.S.G. §§ 8C2.1 and 8C2.10, the guidelines which pertain to the sentencing of organizations do not determine the fine range in case involving environmental crimes. Instead, the fine is to be determined under 18 U.S.C. §§ 3553 and 3571. All other section of Chapter 8 of the Sentencing Guidelines that are applicable to corporate defendants are applicable to this case. If the Court does not accept this agreement, the defendant can withdraw his guilty plea.

a. Based upon the Defendant's limited ability to pay a fine without substantially jeopardizing the continued viability of the organization, the parties agree to a fine of $50,000.00. Given the costs of compliance associated with the continued disposal of hazardous waste remaining at the Advanced Powder Solutions, Inc. facility, which to date is approximately $295,387.00 the parties agree that this fine will be satisfied in three annual payments according of the following amounts:

      Year one:      $5,000.00

      Year two:      $20,000.00

      Year three:    $25,000.00

b. The first payment shall be due thirty (30) days after sentencing,

with the subsequent payments due on the last day of the second year of probation and the on the last day of the third year of probation. The defendant agrees to notify the court of any material change in the Defendant's economic circumstances that might affect the Defendant's ability to pay the fine.

3. A term of probation of 3 years with the following special conditions of probation:

    a. During the first year of probation, the Defendant agrees to complete at their expense, the disposal of all remaining hazardous waste located at the Advanced Powder Solutions, Inc. facility in compliance with applicable federal and state solid and hazardous waste regulations.

## Punishment Range

4. The statutory maximum penalty for each violation of Title 42, United States Code, Section 6928, is probation of not more than 5 years and the maximum fine the Court may impose is the greater of $50,000 fine for each day of violation, $500,000, twice the gross pecuniary gain to the defendant from the offense, or twice the pecuniary loss suffered by a person other than the defendant from the offense.

## Mandatory Special Assessment

5. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of four hundred dollars ($400.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerks Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers and subject to the provisions in paragraph 11, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant,

4

the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

8. The United States agrees to the following:

(a) To agree with the defendant and jointly recommend the Court sentence the defendant to a fine of $50,000.00, at least a three (3) year term of probation, a $400.00 special assessment, and other terms to be set by the Court.

### Agreement Binding - Southern District of Texas Only

9. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the criminal information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office=s preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). The parties agree, however, not to advocate or seek any sentence other than the sentence agreed to in paragraph 8 above, and that the Court will be bound by this agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) to sentence the defendant as the parties have agreed upon in this plea agreement. The final determination whether to accept this plea agreement under Rule 11(c)(1)(C) is within the Court's discretion, however, and if the Court does not accept this agreement then the plea is null and void.

## Rights at Trial

12. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other

6

evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

13. Defendant is pleading guilty because he/she is in fact guilty of the charges contained in Count I of the Criminal Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

The Resource Conservation and Recovery Act (RCRA) was enacted by Congress to address the problem of hazardous waste treatment, storage, and disposal in the United States. 42. U.S.C. § 6901 *et seq*. The intent of RCRA is to protect human health and the environment by requiring the proper and safe management of hazardous waste from the time it is created until the time it is disposed, and at all points between.

RCRA regulates the generation, treatment, storage, transportation, and disposal of hazardous wastes by establishing a system of management standards, notifications, reports, manifest, and permits. This system of continually tracking hazardous waste is often referred to as "cradle-to-grave" management.

RCRA prohibits the treatment, storage, or disposal of hazardous waste without a permit issued under RCRA. RCRA permits are issued by the U.S. Environmental Protection Agency (EPA) or by an EPA-authorized state. At all times relevant to this criminal information, the State of Texas, through the Texas Commission on Environmental Quality (TCEQ), was

7

authorized to issue and enforce RCRA permits and regulations in the State of Texas. 42 U.S.C. 6926; 30 T.A.C. Chapter 335.

RCRA requires the EPA to identify and list "hazardous wastes." 42 U.S.C. § 6921. Wastes are hazardous either by virtue of their characteristics, for example ignitability, reactivity or toxicity, or because they are specifically listed by the EPA through published regulations. 40 C.F.R. § 261.20 *et seq.*

Defendant **ADVANCED POWDER SOLUTIONS, INC., (APS)** is a domestic for-profit corporation registered in the State of Texas with a corporate address of 14102 Halprin Creek Drive, Cypress, Texas and an operational building located at 12245 FM 529, Building B and H, Houston, Texas. Dean Baker (deceased) was identified as the Director and Chief Executive Officer of APS. Martha Baker is identified as Director, and Office Manager of APS.

**APS** was engaged in producing powder coating materials for the aerospace, oil and gas, medicine and additive manufacturing customers.

On August 14, 2016, Harris County Pollution Control Services (HCPCS) responded to a fire at SK Scrap Metal, 14907 Treichel Road, Tomball, Texas. According to the first responders, approximately 10-15 drums had caught on fire, producing a brilliant white light which indicated that the drums likely contained reactive metal such as magnesium or aluminum.

The owners of SK Scrap stated that they purchased the aluminum powder on August 12, 2016. They later determined from a label on one of the drums that the powders in the drums had originated from APS. The drums were returned to Baker at APS on August 30, 2016.

On August 17, 2016, the Harris County Fire Marshal (HCFM) received an

anonymous complaint alleging significant hazards at APS. The complaint stated that APS was exposing employees', first responders and the community to hazards without proper permits, engineering controls, training and supervision and included specific references to chemicals at the APS facility such as magnesium powder, nickel carbonyl, and triethyl aluminum. Based on this information, HCFM conducted an inspection at the APS and noted six failures, specifically: combustible waste materials could accumulate; the portable fire extinguishers were blocked or inaccessible; emergency lighting was not installed; exit signs were not installed; no hazardous materials inventory statement was produced; and barrels and containers were not labeled and missing hazard identification signs.

On September 1, 2016, in follow up to the drum fire at SK Scrap, HCPCS conducted a site inspection at APS, the source of the aluminum-magnesium powder that had been the cause of the fire.

Baker acknowledged the powder sold to SK Scrap was generated by APS. The facility was inspected, and investigators observed the 30-55-gallon drums that Baker stated contained the powder. Baker explained that it was not a pure material since it consisted of aluminum, magnesium, nickel, iron and sand.

On October 6, 2016, HCPCS issued a Notice of Violations (NOV) to Baker at APS for violations of TCEQ Industrial Solid Waste and Municipal Hazardous Waste Regulations, Title 30, TAC, Chapter 335, Section 335.5(a); 335.4(1) and 335.62. The violations noted included: storing, processing, or disposing of an industrial solid waste or municipal hazardous waste without a permit and failure to determine hazardous waste generation from activities conducted by APS.

On or about February 22, 2018, the EPA's Criminal Investigation Division (CID) executed a search warrant at APS premises. EPA CID, assisted by EPA's National Enforcement Investigations Center (NEIC), discovered numerous containers of hazardous waste powder. NEIC sampled and analyzed some of the containers and determined that most of the containers were found to have the RCRA reactivity characteristic property of forming potentially explosive mixtures with water because of their metallic magnesium content. 40 C.F.R. § 261.23.

According to the Department of Defense (DoD) contract (SP4701-15-C-7005) in the amount of $979, 527.00 and a Department of Energy (DOE) contract (DE-SC0015743) in the amount of $1,149,989 were both active during the timeframe alleged in this Criminal Information and acknowledge compliance with hazardous waste requirements. (Specifically, the DoD Statement of Work there is reference to clause (DFARS) 252.223-7006: "Prohibition on Storage, Treatment, and Disposal of Toxic or Hazardous Materials..." as well as the DOE Clause FA-TC-0015 – Compliance with Federal, State, and Municipal Requirements within Special Terms and Conditions.)

APS did not have a permit to store of hazardous waste at any time relevant to this Criminal Information.

From on or about August 30, 2016, and continuing through on or about February 22, 2018, in Houston, Texas, within the Southern District of Texas, the defendant, **ADVANCED POWDER SOLUTIONS, INC.,** knowingly stored or caused to be stored hazardous wastes, without a permit issued pursuant to RCRA. All in violation of Title 42, United States Code, § 6928(d)(2)(A), and Title 18, United States Code, § 2.

## Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security

information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Fines

19. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

20. This written plea agreement, consisting of 16 pages, including the attached addendum, and Corporate Acknowledgement of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea

agreement. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

21. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____, Texas, on _____, 20\_\_.

*/s/ [signature]*
Defendant   for Advanced Powder Solutions, In

Subscribed and sworn to before me on _____, 20\_\_.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Jennifer Lowery
Acting United States Attorney

By: *Kristina Gonzales /s/*
Kristina Gonzales
Special Assistant United States Attorney
Southern District of Texas
Telephone: 214-665-8139

*Steven T Schammel /s/*
Steven T. Schammel
Assistant United States Attorney
Southern District of Texas
Telephone: 713-567-9325

*/s/ [signature]*
F. Andino Reynal
Attorney for Defendant

*/s/ [signature]*
Joseph C. Magliolo
Attorney for Defendant

13

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. |
| ADVANCED POWDER SOLUTIONS, INC. | |
| Defendant. | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending criminal information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory, and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____    Date _____4.13.21_____
F. Andino Reynal
Attorney for Defendant

_____    Date _____4.13.21_____
Joseph C. Magliolo
Attorney for Defendant

14

I have consulted with my attorney and fully understand all my rights with respect to the criminal information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     04/13/2021
Defendant                     Date

for Advanced Powder Solutions, Inc.

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. |
| ADVANCED POWDER SOLUTIONS, INC. | |
| Defendant. | |

### CORPORATE ACKNOWLEDGMENT OF PLEA AGREEMENT

The Board of Directors has authorized me to execute this Plea Agreement on behalf of Defendant Advanced Powder Solutions, Inc. The Board has read this Plea Agreement in its entirety and has discussed it fully with Defendant's attorney. The Board acknowledges that this plea fully sets forth Defendant's agreement with the United States. The Board further states that, no additional promises or representations have been made to the Board by any officials of the United States in connection with this matter.

_____ on behalf of the board for Advanced Powder Solutions, Inc
Advanced Powder Solutions, Inc.

04/13/2021
Date

_____
P. Andino Reynal
Attorney of Record
Advanced Powder Solutions, Inc.

_____
Joseph C. Magliolo
Attorney of Record
Advanced Powder Solutions, Inc.

4.13.21
Date

16